## Trust Companies Organized Under Federal Law.

*Corporations — Trust companies — Trust company under Federal law — Doing trust business in Pennsylvania—Act of June 7, 1907, and May 20, 1921.*

1. A trust company organized under an Act of Congress cannot engage in the trust business in Pennsylvania unless it has complied with the provisions of the Act of May 20, 1921, P. L. 991, nor can it engage in a loan and mortgage business without having complied with the Act of June 7, 1907, P. L. 446.

2. Such a company cannot accept an executorship under a will dated prior to the Act of May 20, 1921, P. L. 991, if testator died after that date, since a will speaks as of the death of the testator and not as of the date of its execution.

Attorney-General's Department. Opinion to Captain John W. Morrison, First Deputy Commissioner of Banking.

PUSEY, Dep. Att'y-Gen., Jan. 11, 1923.—I beg to acknowledge receipt of your communication of Jan. 5, 1923, inquiring as to whether or not a company incorporated under a special Act of Congress, known as a savings and trust company, can legally engage in safe deposit, trust, loan or mortgage business in Pennsylvania.

Your question may be properly sub-divided as follows:

1. The doing of a "safe deposit" business is not involved in the questions presented.

The Savings and Trust Company, referred to in your communication, in its letter under date of Dec. 21, 1922, addressed to your department, states that "it is not doing business in Pennsylvania as a savings and trust company, and has no part of its capital employed here." It, therefore, does not come under the provision of the law of Pennsylvania, heretofore referred to, prohibiting it from engaging in the safe deposit or banking business, because it has no such intention.

2. A "trust" business also cannot be carried on by a corporation in Pennsylvania excepting under and in accordance with the provisions of an Act of Assembly approved May 20, 1921, P. L. 991, which provides as follows:

"Section 1. That hereafter no person shall have power by any last will and testament or codicil or other testamentary writing to appoint as executor, guardian, trustee or other fiduciary any corporation other than a corporation organized and doing business under the laws of the Commonwealth of Pennsylvania, and subject to supervision and examination by the Banking Department of this State, or a corporation organized and existing under the laws of the United States doing business in this State, and, by resolution of its board of directors duly adopted, a certified copy whereof shall have been placed on file with the Commissioner of Banking of this State, agreeing to place itself under and to continue to be subject to supervision and examination by the State Banking Department in the same manner and to the same extent as corporations organized and existing under the laws of this State are or shall be subject; and any such appointment, in violation of the provisions of this section, contained in any last will and testament, codicil or other testamentary writing made after the date of the approval of this act shall be null and void.

"Section 2. Hereafter, neither any court nor register of wills in this Commonwealth shall have power to appoint as administrator, trustee, guardian, receiver, committee or other fiduciary, any corporation other than a corporation organized and doing business under the laws of the Commonwealth of Pennsylvania and subject to supervision and examination by the Banking Department of this State, or a corporation organized and existing under the laws of the United States doing business in this State, and by resolution of its board of directors duly adopted, a certified copy whereof shall have been placed on file with the Commissioner of Banking of this State, agreeing to place itself under and to continue to be subject to supervision and examination by the State Banking Department in the same manner and to the same extent as corporations organized and existing under the laws of this State are or shall be subject; and any such appointment made by the court or register of wills, in violation of the provisions of this section, after the date of the approval of this act shall be null and void."

The Savings and Trust Company states that, while it is not engaged in the savings and trust business, it has been specially designated as a fiduciary, to wit, an executor of the will of a testator who died in Pennsylvania on June 23, 1922, and that letters testamentary were duly granted thereon to said company on Sept. 14, 1922, by a register of wills in Pennsylvania.

In my opinion, the issuance of letters testamentary, accordingly, was contrary to the provisions of the said Act of Assembly of May 20, 1921, P. L. 991, and were improperly issued, notwithstanding the will designating the company as executor was executed March 22, 1919, a date prior to the enactment of the Act of May 20, 1921, P. L. 991. A will takes effect as of the date of the death of the testator, and not as of the date of its execution.

3. As to a "loan and mortgage" business, the Act of Assembly of June 7, 1907, P. L. 446, in my opinion, applies to a corporation organized under special Act of Congress desiring to engage in such business in Pennsylvania. Such company must first obtain a license from your department in the manner prescribed in said act and otherwise comply with the provisions thereof. The Savings and Trust Company, however, having advised you that it "has no part of its capital here," is evidently not engaging in such business at present. Should it attempt to do so, it would come under the ban imposed by the Act of June 7, 1907, aforesaid.

From Guy H. Davies, Harrisburg, Pa.

NOTE.—See, as to national banks acting as fiduciaries, Turner's Estate, 277 Pa. 110.

3 D. & C.